## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: | ) | |
| COMPUTREX INTERNATIONAL, INC. | ) | CHAPTER 7 |
| A/K/A COMPUTREX LOGISTICS | ) | CASE NO. 02-34671 |
| Debtor(s) | ) | |
| | ) | |
| ------------------------------------------------------------- | ) | |
| | ) | |
| GORDON A. ROWE, JR. | ) | ADVERSARY NO. 04-3161 |
| BANKRUPTCY TRUSTEE | ) | |
| PLAINTIFF | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PECHINEY WORLD TRADE INC | ) | |
| DEFENDANT | ) | |
| ------------------------------------------------------------- | | |

### MEMORANDUM

This matter comes before the Court on the Motion to Vacate Default Judgment filed by Alcan International Network U.S.A., Inc. ("Alcan") (f/k/a Pechiney World Trade (U.S.A.), Inc). In its motion, Alcan requests that the Court vacate the Default Judgment entered against Pechiney World Trade Inc (the "Defendant") on September 27, 2004 (the "Default Judgment").

### FACTS

1. Alcan is a New York corporation, which, prior to December 30, 2005 was known as Pechiney World Trade (U.S.A.), Inc.

2. On or about August 12, 2002, Computrex International, Inc. ("Computrex") filed a voluntary Chapter 11 bankruptcy petition. On November 4, 2002, this Court entered an Order converting the case to Chapter 7, and appointing Gordon Rowe as the Chapter 7 Trustee (the "Trustee").

3. On August 10, 2004, within the statute of limitations set by 11 U.S.C. § 546(a), the Trustee

filed this complaint to recover the sum of $77,715.00, for "services provided by the Debtor to Defendant."

4. On August 12, 2004, the Clerk issued the Summons.

5. On August 23, 2004, the Trustee filed an executed copy of the Summons indicating an attempt to serve Alcan with process by mail. On August 19, 2004, the Trustee mailed process simply to "Pechiney World Trade Inc." to an address in the Netherlands. The Trustee did not mail a copy of process to "the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."

6. Alcan does not maintain any address at the location in the Netherlands. Moreover, the Netherlands address used by the Trustee may have been one of the former addresses of the debtor.

7. Alcan did not file an answer or otherwise respond to the complaint and on September 21, 2004, the Trustee moved for default judgment.

8. On September 27, 2004, the Court entered the Default Judgment.

9. On December 15, 2009, more than five years after the entry of the Default Judgment, Alcan filed the instant motion seeking to vacate the Default Judgment. Alcan argues that the Court should vacate the Default Judgment due to the lack of proper service. Without proper service, Alcan alleges the Court lacked personal jurisdiction to grant the Default Judgment and that said Default Judgment is void. Alcan attached to its motion to vacate a letter to Alcan from the Trustee's counsel dated February 11, 2008, in which the Trustee is attempting to make arrangements to collect the Default Judgment. The last paragraph of that letter begins: "Do not delay! Contact me today to take advantage of this chance to resolve this matter quickly and amicably."

10. The Trustee opposes setting aside the Default Judgment, arguing that Alcan unduly delayed resolution of this matter by failing to timely seek relief from the Default Judgment. The Trustee notes that his counsel spoke with Alcan on February 11, 2008, and that Alcan delayed over twenty-two (22) months after that conversation to file this motion to vacate the Default Judgment. The Trustee further states that by no later than March 6, 2008, Alcan's counsel possessed a copy of the Default Judgment. Despite possessing this information in March 2008, Alcan waited over 21 months, until December 2009, to move to set aside the Default Judgment. In addition to the February 11, 2008 letter, the Trustee also attached a copy of an e-mail between Alcan and Trustee's counsel dated in February 2008, and several correspondences from March 2008 from Trustee's counsel office to Alcan's legal counsel.

## CONCLUSIONS OF LAW

Unlike an entry of default, which needs only good cause to be set aside under Rule 55(c) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure, a default judgment can be set aside only under the stricter standards for setting aside final and appealable orders under Fed. R. Civ. P. 60(b). Because a default judgment has been entered in this case, Alcan must seek relief under Fed. R. Civ. P. 60(b). Rule 60 is made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9024. The party that seeks to invoke Rule 60(b) bears the burden of establishing that its prerequisites are satisfied. Jinks v. Allied Signal, Inc., 250 F.3d 381, 385 (6th Cir. 2001). Relief may be granted under Rule 60(b) for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic); (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the

>     judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60.  Alcan argues that relief from the default judgment is warranted under Rule 60(b)(4) because the Default Judgment is void.  Specifically, because the Trustee failed to properly serve it with the summons and complaint, Alcan contends the Court lacked personal jurisdiction to enter the Default Judgment and therefore the Default Judgment rendered by the Court is void.

A motion under Rule 60(b)(4) must be made within a reasonable time.  Rule 60(c) plainly states that a motion seeking relief from a final judgment must be filed "within a reasonable time." Days Inns Worldwide, Inc. v. Patel, 445 F.3d 899, 903 (6th Cir. 2006).  Rule 60(c) provides that "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Moreover, unlike subject matter jurisdiction, personal jurisdiction and due process objections can be waived by a party's failure to timely act. Id. at 905.  Thus, even if the service of process was deficient, and the Court lacked personal jurisdiction, the judgment would be merely voidable, not void, and could be set aside upon timely application to the court.  Id. at 906-07.

Alcan argues that where the underlying judgment is void, there is no time limitation because the judgment itself is a legal nullity.  Alcan cites "R" Best Produce, Inc. v. DiSapio, 540 F.3d 115, 123 (2nd Cir. 2008); New York Life Ins. Co. v. Brown, 84 F.3d 137, 142-43 (5th Cir. 1996); United States v. One Toshiba Color Television, 213 F.3d 147, 157 (3rd Cir. 2000); Hertz Corp. v. Alamo Rent-A-Car, Inc., 16 F.3d 1126, 1130 (11th Cir. 1994); and Rodd v. Region Const., Inc., 783 F.2d 89, 91 (7th Cir. 1986) in support of its position.   While this may indeed be the law in the Second, Third, Fifth, Seventh, and Eleventh Circuit, the law in the Sixth Circuit is different.  The Sixth Circuit has specifically held that a motion under Rule 60(b)(4) "is only cognizable if brought within a reasonable time."  See United States v. Dailide, 316 F.3d 611, 617 (6th Cir.2003); Days Inns,

supra; Ohio Cas. Ins. Co. v. Pulliam, 182 F.3d 918 (6th Cir. 1999); Manohar v. Massillon Community Hosp., 208 F.3d 214 (6th Cir. 2000) (district court properly denied plaintiff's Rule 60(b)(4) motion as untimely when filed almost five years after entry of underlying judgment); United States v. Leprich, 169 Fed. Appx. 926, 932 (6th Cir. 2006).  Indeed, the Sixth Circuit has held that a motion filed pursuant to Rule 60(b)(4) is untimely where a significant amount of time has passed between the filing of the motion and the date the judgment was entered.  See Dailide, 316 F.3d at 618-619 (four years); Blachy v. Butcher, 129 Fed. Appx. 173, 179 (6th Cir. 2005) (motion filed more than three years after orders untimely); Pulliam, 182 F.3d at *3-4 (motion filed after more than three years untimely); Days Inns, 445 F.3d at 903 (motion filed over eleven months after judgment was untimely); Leprich, 169 Fed. Appx. at 932 (motion filed more than sixteen years after judgment untimely); Manohar, 208 F.3d at *1 (motion filed almost five years after judgment was untimely); Richard v. Allen, 78 F.3d 585 (6th Cir. 1996) (motion filed about four years after judgment untimely).  As these cases clearly demonstrate, even motions to vacate based upon void judgments must be filed within a reasonable time.

The Sixth Circuit has also held that the "bounds of reasonable time 'ordinarily depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief.'" Ohio Cas. Ins. Co. v. Pulliam, 182 F.3d 918 (6th Cir. 1999) (quoting Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir.1990)).  Under this standard, this Court finds Alcan's 60(b)(4) motion untimely.

The Court entered the default judgment in September 2004 and Alcan did not file this motion until December 2009, more than five years later.  Even assuming *arguendo* that Alcan was not aware of the action in 2004, it is uncontroverted that it became aware of the judgment as early as February 2008, and still waited until December 2009 to file the motion to vacate the judgment.  More than

twenty-two (22) months elapsed from when the Trustee sent correspondence directly to Alcan before Alcan filed the instant motion. More than twenty-one (21) months elapsed after Alcan definitively received a copy of the default judgment before it filed the instant motion. Clearly the length and circumstances of the delay rest squarely upon Alcan. It could have filed this motion sooner, yet it chose to sit on its rights. Moreover, considering the length of time involved directly attributable to Alcan's inaction, it would be extremely difficult for the Trustee to rebuild this case at this time under these circumstances. Alcan's action, or more appropriately inaction, unnecessarily caused a substantial increase in legal expenses by the Trustee. Finally, the Court does not believe the equities favor Alcan when it is the party that deliberately chose to not act and waited almost two years to seek to vacate the default judgment. All of this legal maneuvering and expense could have been avoided had Alcan simply acted in a more prompt manner. Moreover, Alcan provided no sufficient explanation for its delay in filing the present motion.

To conclude, the Court finds that motions for relief from judgments under Rule 60(b)(4) (void judgment) must be made within a reasonable time. The Court further finds that Alcan did not bring this motion within a reasonable time under the circumstances in this case, and that Alcan has failed to provide a sufficient justification for its failure to timely act. Accordingly, the Court has determined that the Motion to Vacate Default Judgment should be denied. The Court shall enter an Order this same date in accordance with the holding of this Memorandum.

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: | ) | |
| COMPUTREX INTERNATIONAL, INC. | ) | CHAPTER 7 |
| A/K/A COMPUTREX LOGISTICS | ) | CASE NO. 02-34671 |
| Debtor(s) | ) | |
| ------------------------------------------------------------- | ) | |
| GORDON A. ROWE, JR. | ) | ADVERSARY NO. 04-3161 |
| BANKRUPTCY TRUSTEE | ) | |
| PLAINTIFF | ) | |
| vs. | ) | |
| PECHINEY WORLD TRADE INC | ) | |
| DEFENDANT | ) | |
| ------------------------------------------------------------- | | |

## ORDER

Pursuant to the Court's Memorandum Opinion entered this same date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

It is hereby **ORDERED** that the Motion to Vacate Default Judgment is **DENIED**.